

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. 9:07-CR-20(1) |
| § | |
| ROBERT WILLIAM RODGERS § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Robert William Rodgers, violated conditions of supervised release imposed by Chief United States District Judge Ron Clark. The United States Probation Office filed its *First Petition for Warrant or Summons for Offender Under Supervision* (doc. #45) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on December 16, 2015, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such

violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On August 12, 2008, The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, sentenced Mr. Rodgers after he pled guilty to the offense of failure to register as a sex offender, a Class C felony. Judge Clark sentenced to the defendant to 18 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure to monitor employment, mental health treatment, sex offender registration requirements, sex offender treatment, employment restrictions, refrain from viewing or possessing any images depicting sexually explicit conduct and a consent to search condition. On January 15, 2009, Robert William Rodgers completed his period of imprisonment and began service of the supervision term.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated a special condition of his supervision as follows:

*Under the guidance and direction of the U.S. Probation Officer, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.*

Specifically, Robert Rodgers failed to attend sex offender counseling on July 7, 2009, in Lufkin, Texas. Additionally, Mr. Rodgers was unsuccessfully discharged from the sex offender treatment program because he absconded from supervision.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the case proceeded to a final hearing, the Government would present evidence to show that as a condition of his supervised release, Mr. Rodgers was ordered to attend sex offender counseling and treatment. The Government would also present witnesses who would testify that Rodgers was unsuccessfully discharged from sex offender treatment and, in fact, he absconded from treatment and supervision.

Defendant, Robert Rodgers, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that failed to attend sex offender treatment in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence

that the defendant violated a special condition of his supervised release by failing to attend sex offender treatment as directed. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of III and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than life. *See* 18 U.S.C. § 3583(b)&(h).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Rodgers pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **eleven (11) months** imprisonment, to run **consecutively to prison term recently imposed in criminal cause number 9:15-CR-12.** The Court also recommends placement in the Federal Correctional Institution (FCI) in Seagoville, Texas, or the FCI in Bastrop, Texas, for service of the prison term, if possible.

The Court further recommends that, upon his release from prison, the defendant serve a new term of **supervised release for two (2) years, to run concurrently with the term of supervised release imposed in 9:15-CR-12**. The new term of supervision should be subject to the mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction. The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Probation Office in conjunction with the petition to revoke. The Court also incorporates United States District Judge Michael H. Schneider's *Criminal Judgment* and *Sealed Statement of Reasons* entered in cause number 9:15-CR-12 (doc. #23 and doc. #24 in that case, respectively) in support of this recommended sentence and supervision conditions.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 21st day of December, 2015.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE