

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **VS.** § | **CASE NO. 9:07-CR-20(1)** |
| § | |
| **ROBERT WILLIAM RODGERS** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Robert William Rodgers, violated conditions of supervised release imposed by Chief United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #61) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on June 7, 2017, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation

warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 12, 2008, The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, sentenced Mr. Rodgers after he pled guilty to the offense of failure to register as a sex offender, a Class C felony. Judge Clark sentenced to the defendant to 18 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure to monitor employment, mental health treatment, sex offender registration requirements, sex offender treatment, employment restrictions, refrain from viewing or possessing any images depicting sexually explicit conduct and a consent to search condition. On January 15, 2009, Robert William Rodgers completed his period of imprisonment and began service of the first supervision term.

On January 27, 2016, Judge Clark revoked Mr. Rodgers' first term of supervision and sentenced him to 11 months imprisonment for the revocation, to run consecutively to the term of imprisonment imposed in 9:15-CR-12. *See Judgment* (doc. #58). The Court also imposed a new two (2) year term of supervision. On September 21, 2016, Rodgers completed his period of imprisonment and began service of the new supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated a mandatory condition of his supervision as follows:

*The defendant shall not commit another federal, state or local crime..*

Specifically, on December 17, 2016, Mr. Rodgers was arrested by the Crockett, Texas, Police Department for Driving While Intoxicated, in violation of Texas Penal Code 49.04, a Class B Misdemeanor. He was also charged with Driving While License Invalid with Previous Conviction/Suspension/Without Insurance, in violation of Texas Transportation Code 521.457, a Class B Misdemeanor. On January 16, 2017, Mr. Rodgers pled guilty to the aforementioned charges, after his Driving While Intoxicated charge was enhanced to a Class A Misdemeanor due to a prior DWI conviction, and was sentenced to 90 days confinement in the Houston County Jail with 21 days of credit.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the case proceeded to a final hearing, the Government would present evidence to show that as a condition of his supervised release, Mr. Rodgers was ordered not to commit any new federal, state or local crime. The Government also proffered information

contained in the judgment of conviction entered in cause number 17-01-00002-CR in the County Court at Law of Houston County, Texas. That judgment shows that Mr. Rodgers pled guilty to the offenses of Driving While Intoxicated as a Class A misdemeanor, and to Driving While License Invalid, a Class B misdemeanor. He was sentenced to 90 days in the Houston County Jail, with credit for 21 days previously served.

Defendant, Robert Rodgers, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that committed new state crimes in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing new state crimes. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of III and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to information submitted by the Probation Office, Mr. Rodgers failed to serve 180 days of court-ordered halfway house time because he absconded from the County Rehabilitation Center in Tyler, Texas, on February 21, 2016.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Rodgers pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **eleven (11) months plus 120 days imprisonment** for the revocation. The additional 120 days is imposed pursuant to the parties' agreement that Mr. Rodgers' receive this portion of the sentence for unserved halfway house time.

The Court also recommends placement in the Federal Correctional Institution (FCI) in Bastrop, Texas, for service of the prison term, if possible, and that Mr. Rodgers receive credit for time spent in custody on this revocation proceeding. Finally, the undersigned recommends that no further supervision be imposed upon his release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 8th day of June, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE